# Baldwin's Appeal.

After a court has made a definite decree which has been appealed from, no appeal lies from its refusal to review or modify the decree.

(Decided February 15, 1886.)

Appeal from a decree of the Orphans' Court of Fayette County. Quashed.

William Baldwin, a resident of Connellsville, Fayette County, Pennsylvania, died on June 7, 1884, intestate, unmarried, and without issue. He left to survive him a brother, Franklin Baldwin, a sister, and issue of deceased brother and sister, all of whom were nonresidents except George E. Baldwin, a nephew, the appellant, who resides in Philadelphia.

Shortly after the death of Mr. Baldwin, his brother Franklin Baldwin, who lives in Massachusetts, acting for himself and the other heirs of William Baldwin, presented a petition to the probate court of Worcester county, Massachusetts, setting forth that William Baldwin was a resident of Worcester, and procured letters of administration to him, Franklin Baldwin, on the estate of the said William Baldwin. Afterwards, in February, 1884, ancillary letters of administration on the estate of William Baldwin were issued by the register of Allegheny county to William S. Bissell. On February 13, 1884, Charles D. Conner, Esq., register of wills for the county of Fayette, granted letters of administration upon said estate to H. C. Frick, Esq., of Pittsburgh, Pennsylvania, who at once filed his bond in the sum of $600,000, and proceeded to administer upon the estate. Upon petition of H. C. Frick, after full hearing, the ancillary letters of administration issued to William S. Bissell were revoked.

On October 28, 1884, George E. Baldwin filed a petition setting forth the facts above recited in regard to William E. Baldwin, that he was a citizen of Pennsylvania and had been for six years last past, and praying for a citation upon H. C. Frick to show cause why the letters of administration issued to him should not be revoked. On November 19, Franklin Baldwin and other heirs of William Baldwin at hearing before the register, offered a paper purporting to be a joinder in the petition of George E. Baldwin, and requesting that letters of administration be issued to him or to the person he should nominate.

H. C. Frick filed an answer to the citation, and after a hearing, the register refused to revoke the letters granted to Frick. The petitioner, Geo. E. Baldwin, appealed from the decision of the register, and the appeal was sustained by the orphans' court by its decree filed June 12, 1885. H. C. Frick then took an appeal to this court. While this appeal was still pending, Mr. Frick had so far proceeded with the settlement of his account as administrator as to have filed his account in November, 1885.

George E. Baldwin, who began the proceedings to have Mr. Frick removed, examined this account, and, finding it to be correct and satisfactory, made overtures to Mr. Frick, looking to an amicable arrangement of the legal contest. Under the advice of counsel, who had not been previously interested in the contest, he decided to withdraw his opposition to Mr. Frick, and presented his petition to the orphans' court of Fayette county, on December 5, 1885, setting forth all the steps that had been taken, and asking the revocation or suspension of the decree made in his favor on June 12, 1885. His counsel argued to the court that, inasmuch as he was the only one of the heirs that could be heard in nominating an administrator, and he alone appeared properly as a party to the petition asking for the revocation of letters granted to Mr. Frick, therefore, he had entire control of that proceeding, and could end it at his pleasure, with the consent of the opposite party. But the court refused to grant his prayer and he took this appeal.

*R. H. Lindsey* for appellant.

*Thomas C. Lazear, N. Ewing,* and *P. S. Newmeyer* for appellees.

PER CURIAM:

The specification of error is not sustained. The refusal of the court to reverse and set aside a decree on the petition of one of the persons at whose instance it was made, after an appeal to and a certiorari from this court, to review the same, presents no cause for reversal here. If the complaint was an error in making the original decree, it would be a proper subject of inquiry. Such, however, is not now the case. After the court has made a definitive decree which has been appealed from, it is not error for it to refuse to review or modify the same. No appeal lies from its refusal to do so.

Appeal quashed.